**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-3714

SEBASTIAN DAN ZEGREAN,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

PETITION FOR REVIEW OF AN ORDER
OF THE BOARD OF IMMIGRATION APPEALS
(Agency No. A029-115-082)

Argued: March 11, 2010

Before: BARRY, JORDAN and VAN ANTWERPEN,
Circuit Judges

(Opinion Filed: April 13, 2010)

David Kaplan, Esq. (Argued)
James J. Orlow, Esq.
Orlow, Kaplan & Hohenstein
620 Chestnut Street
Suite 656
Philadelphia, PA 19106-0000

*Counsel for Petitioner*

Kevin J. Conway, Esq. (Argued)
Sharon Clay, Esq.
United States Department of Justice
Office of Immigration Litigation, Civil Division
P.O. Box 878
Ben Franklin Station
Washington, DC 20044

*Counsel for Respondent*

_____

OPINION OF THE COURT

_____


BARRY, <u>Circuit Judge</u>

**I.**

A federal regulation states that "[a]n immigration judge may terminate removal proceedings to permit the alien to proceed to a final hearing on a . . . petition for naturalization when the alien has established prima facie eligibility for naturalization and the matter involves exceptionally appealing or humanitarian factors."  8 C.F.R. § 1239.2(f).  The Board of Immigration Appeals ("BIA") has interpreted this regulation to require that the Department of Homeland Security ("DHS") present "some affirmative communication regarding [an alien's] prima facie eligibility for naturalization" before removal proceedings can be terminated.  *In re Acosta Hidalgo*, 24 I. & N. Dec. 103, 107-08 (BIA 2007); *see also Matter of Cruz*, 15 I. & N. Dec. 236, 237 (BIA 1975).  Those courts that have reviewed the BIA's interpretation, to which we accord deference, have concluded that it is neither "erroneous [n]or inconsistent with the regulation," and we agree.[1]  *See, e.g.,*

_____

[1]  Our standard of review for questions of law which, of course, would include statutory interpretation, is *de novo*.  *Fadiga*

-2-

*Perriello v. Napolitano*, 579 F.3d 135, 142 (2d Cir. 2009) (quoting *Auer v. Robbins*, 519 U.S. 452, 461 (1997)); *Hernandez de Anderson v. Gonzales*, 497 F.3d 927, 934 (9th Cir. 2007).

Juxtaposed against § 1239.2(f), as interpreted by the BIA, is a federal statute which states, as relevant here, that "no application for naturalization shall be considered by the Attorney General if there is pending against the applicant a removal proceeding." 8 U.S.C. § 1429. But if an application for naturalization cannot even be considered while a removal proceeding is pending, how, then, can the requisite "affirmative communication regarding [an alien's] prima facie eligibility for naturalization" be provided such that an immigration judge can decide whether removal proceedings may be terminated? *See Hidalgo*, 24 I. & N. Dec. at 107-08. The obvious answer is, "It can't." Removal proceedings quite simply have priority over naturalization applications.

It is this tension between 8 C.F.R. § 1239.2(f) and 8 U.S.C. § 1429 that we are called upon to attempt to reconcile—the knot we are asked to untangle. As the Second Circuit put it in *Perriello v. Napolitano*, "[t]he law, in effect, seems to be chasing its tail." 579 F.3d at 138. The petition before us illustrates the accuracy of that observation. In July 2006, DHS, citing 8 U.S.C. § 1429, denied petitioner Sebastian Zegrean's application for naturalization because "there is a removal proceeding pending against you, [and thus] you are ineligible for naturalization." (AR at 24.) In August 2007, the Immigration Judge ("IJ") denied petitioner's motion to terminate the removal proceedings because he had not established prima facie eligibility for naturalization, and the BIA affirmed.[2] (*Id*. at 2, 28-30.) Indeed, because petitioner had applied for naturalization after the removal proceedings against him had

_____

*v. Att'y Gen.*, 488 F.3d 142, 153-54 (3d Cir. 2007).

[2] When, as here, the BIA "simply states that it affirms the IJ's decision for the reasons set forth in that decision, . . . the IJ's opinion effectively becomes the BIA's, and, accordingly, a court must review the IJ's decision." *Zhang v. Gonzales*, 405 F.3d 150, 155 (3d Cir. 2005) (quotation omitted).

-3-

commenced, it was impossible for him to establish eligibility for naturalization.

**II.**

We need not discuss the course of naturalization law that has led to this awkward if not altogether unworkable result—most recently, *Perriello* has more than adequately done so. Rather, we move directly to why the answer to this conundrum is not to do as petitioner suggests and permit the IJ to make the prima facie determination. First, the BIA's conclusion in *Hidalgo* that it cannot consider eligibility is consistent with 8 U.S.C. § 1421, which dictates that the "sole authority to naturalize persons as citizens . . . is conferred upon the Attorney General." *See Perriello*, 579 F.3d at 142. To do as petitioner suggests would, in *Hidalgo*'s words, "require the [IJ] and the Board to render decisions on an alien's prima facie eligibility . . . where we not only lack jurisdiction over the ultimate issue, but may also lack expertise as to the specific issue regarding prima facie eligibility." 24 I. & N. Dec. at 108. The issue of expertise aside, we owe deference to the BIA's conclusion as to the scope of its jurisdiction since, whether it was interpreting a statute or a regulation, the interpretation was not arbitrary or capricious, nor plainly erroneous or inconsistent with the regulation. *See Chen v. Ashcroft*, 381 F.3d 221, 224 (3d Cir. 2004) ("[W]henever Congress has explicitly left a gap for the agency to fill, . . . the agency's [interpretation] is given controlling weight unless [it is] arbitrary, capricious, or manifestly contrary to the statute." (internal quotation marks and citations omitted)); *Abdille v. Ashcroft*, 242 F.3d 477, 484-85 (3d Cir. 2001) ("[W]hen an agency is interpreting its own regulation, rather than a statute it administers, . . . the agency's interpretation [is] controlling 'unless it is plainly erroneous or inconsistent with the regulation.'" (internal citations omitted)). Second, the plain language of 8 U.S.C. § 1429 prohibits the Attorney General from even considering an application for naturalization if a removal proceeding is pending against the applicant. As the *Perriello* Court noted, it would be "odd if the Attorney General and district courts were barred from considering naturalization applications while removal proceedings are pending, yet the BIA and IJs—who have no jurisdiction over such applications in any case—were not."

*Perriello*, 579 F.3d at 142.

There is, indeed, "considerable confusion" in the interplay between a reasonably interpreted federal regulation and an otherwise unchallenged federal statute, confusion caused by the failure to amend § 1239.2(f). *Id*. This confusion, however, is not for us to resolve and the tension between the regulation and the statute is not for us to attempt to reconcile. That job is, rather, for the DHS or for Congress, and we urge that it be undertaken expeditiously.

**III.**

Because petitioner has not established prima facie eligibility for naturalization under § 1239.2(f)—indeed, given the "prevailing muddle," *id.* at 141, he cannot do so as long as removal proceedings are pending against him—the petition for review will be denied.