**Elias Alfonso JUAREZ–GONZALEZ, Petitioner**

*v.*

**ATTORNEY GENERAL UNITED STATES, Respondent.**

No. 09–1790.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) on April 7, 2009.

Resubmitted Pursuant to Third Circuit LAR 34.1(a) on Panel Rehearing on May 24, 2010.

Opinion filed: Aug. 2, 2010.

---

Carla R. McBeath, Esq., Fort Lee, NJ, for Petitioner.

Sharon M. Clay, Esq., Eric H. Holder, Jr., Esq., Thomas W. Hussey, Esq., Benjamin Zeitlin, Esq., United States Department of Justice, Washington, DC, for Respondent.

Before: SCIRICA, SMITH and WEIS, Circuit Judges.

## SUR PETITION FOR PANEL REHEARING

JOSEPH S. WEIS, Circuit Judge.

The petition for panel rehearing filed by Petitioner in the above-entitled matter, having been submitted to the judges who participated in the decision of this court, is hereby **GRANTED.** The opinion and judgment filed April 9, 2010 is hereby vacated. A revised not precedential opin-

ion in this appeal will be filed forthwith. As panel rehearing is granted, no action is taken on the petition for rehearing en banc filed May 23, 2010.

## OPINION

### PER CURIAM.

Elias Alfonso Juarez–Gonzalez, a citizen and native of Mexico, petitions this Court for review of a final removal order entered by the Board of Immigration Appeals ("BIA"). For the reasons that follow, we will deny the petition for review.

### I.

Juarez–Gonzalez entered the United States without permission in 1993 at the age of seventeen. In 1997, he became a lawful permanent resident. On January 3, 2003, the Superior Court of New Jersey, Hudson County, convicted Juarez–Gonzalez following his plea of guilty to one count of criminal restraint in the third degree in violation of N.J. Stat. Ann. § 2C:13–2, for which he was sentenced to three years of probation. In 2006, Juarez–Gonzalez departed the United States for a short time and, upon return, the Department of Homeland Security charged him as removable under 8 U.S.C. § 1182(a)(2)(A)(i)(I) for having been convicted of a crime involving moral turpitude. Before the Immigration Judge ("IJ") Juarez–Gonzalez conceded his removability on the ground charged and applied for a waiver of inadmissibility under INA § 212(h), 8 U.S.C. § 1182(h).[1]

The IJ determined that Juarez–Gonzalez's conviction for criminal restraint constitutes a "violent or dangerous crime," a point that Juarez–Gonzalez's counsel did not dispute. A.R. at 48–50, 154–55. As a result of this finding, the IJ held that Juarez–Gonzalez could not qualify for a § 212(h) waiver unless he made a heightened showing of an "exceptional and extremely unusual hardship" to his citizen children, in accordance with 8 C.F.R. § 1212.7(d).[2] The IJ held that Juarez–Gonzalez failed to show the requisite hardship based on the evidence presented.

Juarez–Gonzalez retained new counsel and appealed to the BIA. He listed three issues for review in his notice of appeal: (1) the IJ used an incorrect legal standard in determining whether Juarez–Gonzalez met the burden of proof for a waiver of inadmissibility; (2) the IJ failed to consider material evidence that supported a waiver, and gave improper weight to immaterial evidence, and (3) the IJ consid-

---

**1.** Under INA § 212(h), the Attorney General may, as a matter of discretion, waive the inadmissibility of, among others, an alien convicted of a crime involving moral turpitude if "it is established to the satisfaction of the Attorney General that the alien's denial of admission would result in extreme hardship to the United States citizen or lawfully resident spouse, parent, son, or daughter of such alien[.]" 8 U.S.C. § 1182(h)(1)(B). Juarez–Gonzalez has two United States citizen minor children. He does not reside with the children or their mothers, but he has established that he provides some financial support to each child.

**2.** 8 C.F.R. § 1212.7(d) provides in relevant part:

> The Attorney General, in general, will not favorably exercise discretion ... to consent to an application ... for ... admission to the United States ... with respect to immigrant aliens who are inadmissible under [8 U.S.C. § 1182(a)(2)] in cases involving violent or dangerous crimes, except in extraordinary circumstances, such as ... cases in which an alien clearly demonstrates that the denial of the application for ... admission as an immigrant would result in exceptional and extremely unusual hardship.

8 C.F.R. § 1212.7(d); see also 8 C.F.R. § 212.7(d) (setting forth same provision).

ered facts not in evidence, erred in assuming facts, and denied "a full and fair hearing." A.R. at 34. In his brief to the BIA, Juarez–Gonzalez argued that the IJ erred (1) in finding that he committed a violent or dangerous crime without first examining New Jersey law regarding the elements of the offense, (2) in choosing to apply the exceptional and extremely unusual hardship standard rather than the lesser extreme hardship standard, and (3) in its discretionary analysis of the factors for a waiver set forth in *Matter of Marin,* 16 I & N Dec. 581 (BIA 1978).

The BIA dismissed the appeal, agreeing with the IJ that Juarez–Gonzalez does not merit a § 212(h) waiver. It observed that Juarez–Gonzalez's brief did not address his claims that the IJ had failed to consider certain evidence and had denied a full and fair hearing, which had been listed as issues for review in the notice of appeal. The BIA held these issues waived and, alternatively, summarily dismissed them. Turning to the merits of the § 212(h) request, the BIA explained that, where an alien has been convicted of a violent or dangerous crime, he or she must show an exceptional and extremely unusual hardship under 8 C.F.R. § 1212.7(d) to qualify for a waiver. The BIA held that Juarez–Gonzalez committed a violent or dangerous crime. It noted that Juarez–Gonzalez's counsel had conceded that point before the IJ, which the BIA viewed as a binding judicial admission and a waiver of the issue. Moreover, the BIA reviewed the statute of conviction and case law interpreting it, and it concluded on the merits that Juarez–Gonzalez's crime, "at a minimum, qualifies as a dangerous crime." A.R. at 3. It observed that, even if nonviolent, "criminal restraint must be imposed against the will of the victim and pose a danger to the victim." *Id.* at 4. Finally, the BIA affirmed the IJ's determination that Juarez–Gonzalez failed to show an exceptional and extremely unusual hardship. Juarez–Gonzalez timely filed this petition for review.

## II.

■ We must first consider our jurisdiction over the petition for review. *See Bonhometre v. Gonzales,* 414 F.3d 442, 447 (3d Cir.2005) ("We begin, as we always must when reviewing agency determinations, with a determination of whether we have subject matter jurisdiction to consider [petitioner]'s claims."). As the Government correctly notes, we lack jurisdiction to review the discretionary decision to deny a waiver of inadmissibility under § 212(h). *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Mendez–Moranchel v. Ashcroft,* 338 F.3d 176, 179 (3d Cir.2003). However, we retain jurisdiction insofar as the petitioner seeks review of constitutional claims or questions of law. *See* 8 U.S.C. § 1252(a)(2)(D); *Jarbough v. Att'y Gen.,* 483 F.3d 184, 188 (3d Cir.2007).

Juarez–Gonzalez raises two arguments in this Court. First, he contends that the BIA should have applied a categorical analysis to determine whether his conviction for criminal restraint is a crime involving moral turpitude, which Juarez–Gonzalez seems to view a predicate finding to a determination of whether the crime is violent or dangerous under § 1212.7(d). As we understand this first argument, Juarez–Gonzalez is asking this Court to review both the determination that his offense constitutes a crime involving moral turpitude, and the determination that his offense is a violent or dangerous crime. Second, Juarez–Gonzalez contends that he was denied due process because his prior counsel allegedly provided ineffective assistance by conceding two critical issues before the IJ: (1) that the offense was a crime involving moral turpitude, thereby

rendering Juarez–Gonzalez removable as charged, and (2) that the offense is a violent or dangerous crime, thereby subjecting him to the heightened exceptional and extremely unusual hardship standard for obtaining a § 212(h) waiver.[3]

We are satisfied that Juarez–Gonzalez raises legal and constitutional claims that fall within the scope of our jurisdiction. The Government, for its part, does not seem to dispute that there is jurisdiction under § 1252(a)(2)(D). It argues, however, that the petition for review should be dismissed because Juarez–Gonzalez failed to exhaust administrative remedies in accordance with 8 U.S.C. § 1252(d)(1), and/or because he waived review before the IJ. Respondent's Br. at 11–14. Juarez–Gonzalez responds that the exhaustion requirement is satisfied because the BIA, *sua sponte*, raised the issue of counsel's concession that the crime is violent or dangerous, and it reached the merits on that question by holding that the crime, at a minimum, is dangerous.

■■■ Because "issue exhaustion as required by § 1252(d)(1) is a jurisdictional rule," *Hoxha v. Holder*, 559 F.3d 157, 159 n. 3 (3d Cir.2009), we address that question before proceeding further. Under § 1252(d)(1), "[a] court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right[.]" We have held that "a petitioner is deemed to have exhausted all administrative remedies, and thereby preserves the right of judicial review, if he or she raises all issues

before the BIA." *Lin v. Att'y Gen.*, 543 F.3d 114, 120–121 (3d Cir.2008) (citations and quotation marks omitted). "We do not, however, apply this principle in a draconian fashion," *id.* at 121, and "so long as . . . petitioner makes some effort, however insufficient, to place the Board on notice of a straightforward issue being raised on appeal, a petitioner is deemed to have exhausted her administrative remedies." *Id.* (quotation marks omitted); *see also Hoxha*, 559 F.3d at 160 (noting that our case law "instruct[s] that our focus [in addressing exhaustion] must be on the nature of the notice provided to the BIA by both the Notice of Appeal and any brief filed with the BIA").

In *Lin*, we held that "the BIA's consideration of an issue is sufficient to provide us with jurisdiction over that issue" even if the petitioner failed to raise the issue at any time before the BIA. 543 F.3d at 123 n. 7. We noted that "it is within the [BIA]'s discretion to determine when to dismiss summarily an appeal for lack of specificity and when the BIA is sufficiently apprised of the applicable issues to entertain the appeal." *Id.* at 124. If the BIA should elect to address an issue on the merits *sua sponte* (as it did in *Lin* ), we generally will deem the exhaustion requirement satisfied. *Id.* at 126.

■■■ Applying these principles here, we conclude that Juarez–Gonzalez satisfied the exhaustion requirement on the question whether his crime is violent or dangerous under § 1212.7(d).[4] Juarez–Gonza-

---

3. "A claim of ineffective assistance of counsel in removal proceedings is cognizable under the Fifth Amendment—i.e., as a violation of that amendment's guarantee of due process." *Fadiga v. Att'y Gen.*, 488 F.3d 142, 155 (3d Cir.2007).

4. We reject, however, Juarez–Gonzalez's argument that he satisfied the exhaustion requirement with regard to the IJ's finding that

his offense is a crime involving moral turpitude. Juarez–Gonzalez conceded that he is removable for having committed a crime involving moral turpitude; the IJ held him removable on that basis; Juarez–Gonzalez did not challenge that determination in either his notice of appeal or his brief to the BIA; and the BIA did not address the issue *sua sponte*. Consequently, the issue cannot be deemed

lez argued in his brief to the BIA that the IJ had erred in holding that the offense is violent or dangerous because such a determination can be made only after a review of the elements of the offense. While the legal theory behind the argument presented to the BIA differs somewhat from the theory that he now propounds in this Court, Juarez–Gonzalez made clear that he wished to challenge the violent or dangerous determination. The BIA, moreover, addressed that determination on the merits and held that the crime, at a minimum, is dangerous. Although it noted that counsel had conceded that finding before the IJ, the BIA chose to address the issue, and its discussion of the merits reflects that it was "sufficiently apprised of the applicable issue[] to entertain the appeal." *Lin*, 543 F.3d at 124. Exhaustion, therefore, having been satisfied, we turn to the merits of whether the BIA erred in holding that the offense is dangerous.[5]

### III.

■ Where, as here, the BIA agrees with the IJ's analysis and adds analysis of

exhausted given the absence of any notice to the BIA. While Juarez–Gonzalez argues that he did, in fact, challenge the moral turpitude finding in his brief to the BIA, the record is clear that he did not. His argument in the brief was that the IJ's finding regarding the violent or dangerous nature of the offense was "arbitrary, subjective, and contrary to" BIA decisions, and that his offense had to qualify as an aggravated felony under 8 U.S.C. § 1101(a)(43)(F) (which defines as an aggravated felony "a crime of violence … for which the term of imprisonment [is] at least one year") in order to justify application of the exceptional and extremely unusual hardship standard. *See* A.R. at 13–14. Even a most generous reading of this argument does not suggest that it put the BIA on notice of a challenge to the finding that Juarez–Gonzalez is inadmissible and removable because he committed a crime involving moral turpitude under 8 U.S.C. § 1182(a)(2)(A)(i)(I). Thus, we lack jurisdiction to review the moral turpitude determination, and we do not address

its own, we review the decisions of both the BIA and the IJ. *See Sandie v. Att'y Gen.*, 562 F.3d 246, 250 (3d Cir.2009). We review factual determinations under the substantial evidence standard, accepting those determinations as conclusive unless " 'any reasonable adjudicator would be compelled to conclude to the contrary.' " *Id.* at 251 (quoting 8 U.S.C. § 1252(b)(4)(B)). Our review of legal determinations is de novo, "subject to established principles of deference." *Wang v. Ashcroft*, 368 F.3d 347, 349 (3d Cir.2004) (citing *Chevron v. Nat. Res. Def. Council*, 467 U.S. 837, 844, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984)). We afford deference to the agency's interpretation of its regulations, *Zegrean v. Att'y Gen.*, 602 F.3d 273, 275 (3d Cir.2010), while "we owe no deference to [its] interpretation of a state criminal statute." *Partyka v. Att'y Gen.*, 417 F.3d 408, 411 (3d Cir.2005).

■ Juarez–Gonzalez challenges the BIA's analysis of the statute under which he was convicted, suggesting that New

that issue further. *See Wu v. Att'y Gen.*, 571 F.3d 314, 317 (3d Cir.2009).

5. Juarez–Gonzalez's second claim before this Court—that he was denied due process when counsel, allegedly ineffectively, conceded that the crime was violent or dangerous—is unexhausted. Juarez–Gonzalez concedes that he did not raise that issue before the BIA, and the BIA did not address the issue *sua sponte*. In any event, the claim fails on the merits. As will be discussed in the text, the BIA did not err in holding that Juarez–Gonzalez's crime is dangerous. Consequently, a due process challenge based on counsel's failure to contest that issue is without merit, as Juarez–Gonzalez cannot show prejudice from counsel's action. *See Fadiga*, 488 F.3d at 155 (explaining that alien claiming denial of due process must show "(1) that he was prevented from reasonably presenting his case and (2) that substantial prejudice resulted") (quotation marks omitted).

Jersey law leaves open the possibility that his offense is not a dangerous crime, and therefore not within the purview of § 1212.7(d). *See* Petitioner's Br. at 19. We discern no reversible error.[6]

The New Jersey statute outlawing criminal restraint provides in relevant part that "[a] person commits a crime of the third degree if he knowingly ... [r]estrains another unlawfully in circumstances exposing the other to risk of serious bodily injury[.]" N.J. Stat. Ann. § 2C:12–2(a). New Jersey courts recognize that "criminal restraint functions as a lesser included offense of kidnapping," *State v. Savage*, 172 N.J. 374, 799 A.2d 477, 492 (2002), and the offense differs from, and is more serious than, false imprisonment in that criminal restraint in the third-degree "requires that the restraint be in circumstances exposing the other to risk of serious bodily injury." *Id.* at 494 (quotation marks omitted).

Juarez–Gonzalez has not shown that it is inconsistent with § 1212.7(d) to define his offense as dangerous. Under § 2C:12–2(a), Juarez–Gonzalez pled guilty to a crime in which he acted against the will of his victim through restraint and exposed the victim to a risk of serious bodily injury. Even assuming, as the BIA did, that the crime is non-violent, *but cf. United States v. Parson*, 955 F.2d 858, 873 (3d Cir.1992) (holding that violation of Delaware's reck-less endangerment statute constitutes "crime of violence" for purposes of U.S.S.G. § 4B1.1), the danger inherent in the offense, through the risk of serious bodily injury to the victim, is apparent. Juarez–Gonzalez offers no plausible interpretation to the contrary.

The Attorney General adopted § 1212.7(d) to aid in the consideration of waiver applications, and in particular to guide the agency's exercise of discretion in deciding whether to consent to an inadmissible alien's request for admission. *See Samuels v. Chertoff*, 550 F.3d 252, 257 (2d Cir.2008) (explaining that "in promulgating Section 1212.7(d), the Attorney General exercised the authority given to him by Congress to set the standards that will guide the exercise of discretion that follows after the alien shows 'extreme hardship' "); *Mejia v. Gonzales*, 499 F.3d 991, 996 (9th Cir.2007) (noting that Attorney General "promulgated [the] regulation to guide IJs in the way they exercise their relatively unfettered grant of discretion after the statutory requirements are met").[7] As such, § 1212.7(d) distinguishes aliens who commit "violent or dangerous crimes" and requires them to make a heightened showing of an exceptional and extremely unusual hardship. As one court has observed, "[t]he heightened standard is rationally related to the national immigration policy of not admitting aliens who could be a danger

---

**6.** To the extent that Juarez–Gonzalez seeks to fault the BIA for failing to apply a "categorical approach," his argument is rejected. Juarez–Gonzalez cites no authority for the proposition that the BIA must apply a categorical approach when analyzing whether a crime is violent or dangerous within the meaning of 8 C.F.R. § 1212.7(d). In any event, the BIA here looked to the language of the statute of conviction, and not to Juarez–Gonzalez's conduct, in asking whether his crime is violent or dangerous, and its analysis essentially comported with the type of categorical approach that Juarez–Gonzalez advocates. *See Partyka*, 417 F.3d at 411 (discussing categorical approach as applied to determine whether crime involves moral turpitude). While Juarez–Gonzalez speculates that the BIA might have conducted "a more thorough categorical analysis" had it not been for his counsel's concession before the IJ that the crime is violent or dangerous, Petitioner's Br. at 19, such speculation does not warrant a remand of this matter.

**7.** We note that Juarez–Gonzalez raises no challenge in this Court to the validity of § 1212.7(d), and thus we do not address any such issue.

to society." *Mejia,* 499 F.3d at 996. We cannot conclude here that BIA contravened this policy, or exceed its authority, in determining that Juarez–Gonzalez's crime is a dangerous one. Consequently, it did not err in requiring him to show an exceptional and extremely unusual hardship as a prerequisite to a § 212(h) waiver.

### IV.

For the foregoing reasons, we will deny the petition for review. This Court's Order provisionally staying Juarez–Gonzalez's removal is hereby vacated.