NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2540
_____

WAYNE ASTON MORRIS,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent

_____

Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A044-137-609)
Immigration Judge:  Honorable  Andrew Arthur

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 9, 2010

Before:  RENDELL, CHAGARES and ALDISERT, Circuit Judges

(Opinion filed November 12, 2010)
_____

OPINION OF THE COURT
_____

PER CURIAM

Wayne Aston Morris petitions for review of a decision of the Board of

Immigration Appeals (BIA).  For the reasons below, we will deny the petition for review.

Morris, a native of Jamaica, was admitted to the United States in 1993 as a

conditional permanent resident.  He became a lawful permanent resident in 1997.  In February 2009, he was charged as removable as an aggravated felon.  Morris proceeded pro se and admitted the factual allegations of the charges of removability.  The Immigration Judge (IJ) found him removable and ineligible for any relief.  The IJ ordered Morris removed to Jamaica.  After proceedings not relevant here, Morris successfully appealed to the BIA.

Morris argued before the BIA that he was a citizen based on his pending application for naturalization and his allegiance to the United States.  The BIA concluded that Morris had not shown that he was prima facie eligible for naturalization because the DHS had not submitted any affirmative communication establishing that Morris would be eligible if not for the removal proceedings.  It determined that it lacked jurisdiction to consider Morris's constitutional challenges to the immigration laws.  Morris filed a timely petition for review.

Morris contends that he is a citizen because he filed an application for naturalization and has established that he owes permanent allegiance to the United States.  Under 8 U.S.C. § 1252(b)(5)(A), we have jurisdiction to review a claim of nationality if there is no genuine issue of material fact with respect to that claim.  The parties do not dispute the underlying facts of the claim.  We exercise plenary review over Morris's claim of citizenship.  Jordon v. Att'y Gen., 424 F.3d 320, 328 (3d Cir. 2005).  We have held that for a citizen of another country, "nothing less than citizenship will show permanent allegiance to the United States." Salim v. Ashcroft, 350 F.3d 307, 310 (3d Cir.

2

2003) (internal quotation omitted).

Morris argues that the IJ should have terminated the removal proceedings to allow him to pursue his pending naturalization application pursuant to 8 C.F.R. § 1239.2(f). That regulation allows for termination of the proceedings if the alien has established prima facie eligibility for naturalization and the matter involves exceptionally appealing or humanitarian factors. However, in Zegrean v. Attorney General, 602 F.3d 273, 275 (3d Cir. 2010), we held that 8 U.S.C. § 1429 prohibits the Attorney General from considering a naturalization application if a removal proceeding is pending against the alien. Moreover, Morris's conviction for an aggravated felony prevents him from demonstrating that he is of good moral character as is required for naturalization. See 8 U. S.C. § 1427(a)(3); 8 U.S.C. § 1101(f)(7), (8).

Morris admits that he was convicted of conspiracy to distribute more than 500 grams of cocaine. He contends that he was never advised during his criminal proceedings that he would be removed from the United States if he pleaded guilty. Removal proceedings, however, are not the appropriate venue for Morris to collaterally challenge his convictions. See Drakes v. INS, 330 F.3d 600 (3d Cir. 2003). Morris does not allege that he has filed any challenge to his convictions. Even if he had, the pendency of a post-conviction motion does not negate the finality of a conviction for immigration purposes until the conviction is overturned. Paredes v. Att'y Gen., 528 F.3d 196, 198-99 (3d Cir. 2008).

Morris argues that he qualifies for a waiver of removal under former 8 U.S.C. §§

3

212(c) & (h). However, he concedes that he is not eligible for such relief as an aggravated felon. Morris also argues that he is challenging the constitutionality of the immigration laws. He does not specify which statutes he challenges or explain how they violate the Constitution. Before the BIA, he contended that his removal would violate the Constitution if the hardship to his citizen children and wife is not considered. Morris's removal will not violate any substantive right of his or his family protected by the Due Process clause. See Morales-Izquierdo v. Dep't of Homeland Sec., 600 F.3d 1076, 1091 (9th Cir. 2010). Moreover, Morris admitted that waivers of removal pursuant to § 212(c) and § 212(h) are unavailable to legal permanent residents who were aggravated felons and conceded that this distinction had survived rational basis scrutiny. A.R. at 17; see DiPeppe v. Quarantillo, 337 F.3d 326 (3d Cir. 2003); De Leon-Reynoso v. Ashcroft, 293 F.3d 633, 638 (3d Cir. 2002).

For the above reasons, we will deny the petition for review.