**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3618
_____

OSCAR BAPTISTE,
                                        Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
                                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A078-396-554)
Immigration Judge:  Honorable Leo Finston
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 20, 2019

Before:  KRAUSE, SCIRICA, and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 23, 2019)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Oscar Baptiste is a citizen of Panama who entered the United States on a B-2 visitor visa in January 2001. He adjusted his status to lawful permanent resident in October 2003. In July 2007, Baptiste filed a naturalization application. On July 31, 2008, the United States Citizenship and Immigration Services (USCIS) denied that application because it concluded that Baptiste lacked good moral character. That finding stemmed from Baptiste's arrest for domestic violence in May 2008. Those Connecticut state charges (assault in the third degree and risk of injury to a child) were later dismissed. In March 2011, Baptiste filed a second naturalization application, which was denied on February 19, 2019.[1]

In March 2013, a federal jury found Baptiste guilty of knowingly and intentionally importing cocaine. See 21 U.S.C. §§ 952 and 960(b)(2)(B)(ii). He was sentenced to 108 months in prison, which was later reduced to 87 months. After completing his sentence, the Government took Baptiste into immigration custody. He was charged with removability for having been convicted of an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(B) (illicit trafficking in a controlled substance), 8 U.S.C. § 1227(a)(2)(A)(iii), and for having been convicted of a controlled substance offense, 8 U.S.C. § 1227(a)(2)(B)(i).

In immigration court, Baptiste filed a motion to terminate the proceedings, arguing

---

[1] Meanwhile, in November 2018, Baptiste applied for relief in the United States District Court for the District of New Jersey, seeking to compel the USCIS to adjudicate his naturalization application or to have the District Court declare that he is a United States citizen. Baptiste v. Att'y Gen., D.N.J. Civ. No. 2:18-cv-16826.

that the USCIS had improperly denied his first naturalization application. An

Immigration Judge concluded that Baptiste was removable and denied his request to

terminate, noting that only a District Court has jurisdiction over an appeal from the

USCIS's denial of a naturalization application. On November 2, 2018, the Board of

Immigration Appeals dismissed Baptiste's appeal, stating that it lacked jurisdiction to

review the denial of the naturalization application and explaining that Baptiste did not

present any affirmative communications from the Department of Homeland Security

attesting to his prima facie eligibility for naturalization. See In re Acosta Hidalgo, 24 I.

& N. Dec. 103, 105 (BIA 2007) (providing that the BIA may terminate removal

proceedings to allow pursuit of a naturalization application where DHS has provided "an

affirmative communication attesting to an alien's prima facie eligibility for

naturalization"). Baptiste filed a pro se petition for review of the BIA's decision.[2] In

support of his petition, Baptiste seeks to file a reply brief out of time and a supplemental

appendix.

Baptiste argues that his due process rights were violated because the USCIS's lack

of good moral character determination in 2008 was based on domestic violence charges

that were later dismissed. He also asserts that the USCIS's "unreasonable and

unnecessary" delay in adjudicating his 2011 naturalization violated his due process rights.

---

[2] Because Baptiste did not challenge the Board's determination that he is removable
under § 1227(a)(2)(A)(iii) and § 1227(a)(2)(B)(i), he has waived those issues. See Chen
v. Ashcroft, 381 F.3d 221, 235 (3d Cir. 2004).

Because his aggravated felony conviction now prevents him from demonstrating that he maintained good moral character, see 8 U.S.C. § 1101(f)(8), Baptiste asks for retroactive relief. See Barden v. Keohane, 921 F.2d 476, 478 n.2 (3d Cir. 1990) (stating that "[n]unc pro tunc" consideration "permits acts to be done after the time they should have been done with a retroactive effect").

We lack jurisdiction "to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in [§ 1227(a)(2)(A)(iii) or 1227(a)(2)(B)]." 8 U.S.C. § 1252(a)(2)(C). But we retain jurisdiction to review colorable constitutional claims and questions of law presented in petitions for review of final removal orders.[3] See 8 U.S.C. § 1252(a)(2)(D); see Papageorgiou v. Gonzales, 413 F.3d 356, 358 (3d Cir. 2005). We therefore may consider the legal question whether the IJ and the BIA lacked jurisdiction to consider Baptiste's challenge to the denial of his naturalization application. Cf. Bhargava v. Att'y Gen., 611 F.3d 168, 170 (3d Cir. 2010) (reviewing de novo question whether BIA erred in determining that it lacked jurisdiction to review Department of Homeland Security's denial of petitioner's asylum status). We also have jurisdiction to review Baptiste's

---

[3] We may review a claim of nationality if there is no genuine issue of material fact with respect to that claim. See 8 U.S.C. § 1252(b)(5). Here, however, Baptiste does not claim that he is a national of the United States. Instead, he challenges the denial of his application for naturalization. See Abiodun v. Gonzales, 461 F.3d 1210, 1216 (10th Cir. 2006) (holding that, in adjudicating a petition for review, a court may address "only a claim that the petitioner is a national of the United States, not a claim that the petitioner's application for naturalization was wrongly denied").

4

assertion that his due process rights have been violated.  See Bonhometre v. Gonzales, 414 F.3d 442, 445-46 (3d Cir. 2005).

"[N]either the Board nor the Immigration Judges have jurisdiction to determine an alien's eligibility for naturalization …."  In re Hidalgo, 24 I. & N. Dec. 103, 105-06 (BIA 2007); Zegrean v. Att'y Gen., 602 F.3d 273, 275 (3d Cir. 2010) (noting that the Immigration and Nationality Act "dictates that the 'sole authority to naturalize persons as citizens … is conferred upon the Attorney General.'" (quoting Perriello v. Napolitano, 579 F.3d 135, 142 (2d Cir. 2009))).  Thus, the BIA properly held that it lacked jurisdiction to consider Baptiste's challenge to the USCIS's 2008 denial of his naturalization application.  To challenge that denial, Baptiste should have timely sought review before an immigration officer.  See 8 U.S.C. § 1447(a); 8 C.F.R. § 336.2(a). Thereafter, an appropriate District Court could have reviewed the immigration officer's decision.  See 8 U.S.C. § 1421(c).

We also conclude that the delay in processing Baptiste's 2011 naturalization application cannot serve as a basis for relief.  The relevant regulation provides that "[a] decision to grant or deny the [naturalization] application shall be made at the time of the initial examination or within 120-days after the date of the initial examination of the applicant for naturalization …."  8 C.F.R. § 335.3(a).  If an applicant for naturalization is not notified of a decision within 120 days of his examination under oath, he can apply to the appropriate United States District Court for a hearing on the naturalization application.  8 U.S.C. § 1447(b).  Baptiste did not use this process while he was still

5

potentially eligible for naturalization. Instead, he waited over seven years after filing his 2011 naturalization application to request a hearing before the District Court. In the meantime, his 2013 aggravated felony conviction rendered him ineligible for naturalization. See 8 U.S.C. §§ 1101(f)(8), 1427(a)(3). Under these circumstances, Baptiste is estopped from asserting that the delay in adjudicating his naturalization application violated his due process rights. See Duran-Pichardo v. Attorney General, 695 F.3d 282, 286-87 & n.7 (3d Cir. 2012) (relying on estoppel to hold that a petitioner who "failed to invoke the very statutory and regulatory scheme that Congress enacted to address this type of delay," could not thereafter "assert that he was deprived of due process of law.").

Finally, to the extent that Baptiste argues that he is entitled to retroactive relief, we reject his claim. As noted above, Baptiste's conviction for an aggravated felony renders him presently ineligible for naturalization. He argues, however, that his naturalization application should be considered as if he were not an aggravated felon because the USCIS unreasonably delayed adjudicating the naturalization application that he filed in 2011. In Duran-Pichardo, the petitioner sought relief on the ground that the USCIS should have granted his naturalization application before he was convicted of an aggravated felony. 695 F.3d 282, 287-88 (3d Cir. 2012). We rejected this claim, noting that 8 U.S.C. § 1429 prohibits the naturalization of any person against whom a final order of removal has been entered, id. at 277, and observing that equitable relief may not be granted in contravention of the expressed intent of Congress, id. at 288. Because

Baptiste, like Duran-Pichardo, is subject to a final order of removal, he is not entitled to nunc pro tunc relief.

Accordingly, we will deny the petition for review. Baptiste's motion to file his reply brief out of time and for leave to supplement the appendix is granted.