# MATTER OF B-

## In Exclusion Proceedings

### A-22774284

*Decided by Board November 19, 1991*

(1) The filing with an immigration judge of an application for asylum in exclusion or deportation proceedings is not a continuation or a mere updating of an application previously filed with the Immigration and Naturalization Service but is, in effect, a new application.

(2) Although the applicant in exclusion proceedings had previously filed an asylum application with the Service in 1980 under the interim asylum regulations, the filing of the application with the immigration judge on April 22, 1991, brings it within the purview of the present asylum regulations at 8 C.F.R. § 208 (1991).

(3) The applicant in exclusion proceedings has been convicted of a particularly serious crime, i.e., aggravated battery, and, therefore, by operation of law, he is ineligible for asylum pursuant to 8 C.F.R. § 208.14(c)(1) (1991) and for withholding of exclusion and deportation under section 243(h)(2)(B) of the Immigration and Nationality Act, 8 U.S.C. § 1253(h)(2)(B) (Supp. II 1990).

EXCLUDABLE: Act of 1952—Sec. 212(a)(9) [8 U.S.C. § 1182(a)(9)]—Crime involving moral turpitude

Sec. 212(a)(20) [8 U.S.C. § 1182(a)(20)]—No valid immigrant visa

ON BEHALF OF APPLICANT:
Pro se

ON BEHALF OF SERVICE:
Kenneth S. Hurewitz
General Attorney

BY: Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

In a decision dated June 25, 1991, an immigration judge found the applicant excludable as alleged under section 212(a)(9) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(9) (1988),[1] for conviction of a crime involving moral turpitude, and under section 212(a)(20) of the Act[2] for not having a valid immigrant visa. The immigration judge

---

[1] Revised and redesignated as section 212(a)(2)(A)(i)(I) of the Act by section 601 of the Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978, 5068 (effective Nov. 29, 1990).

[2] Revised and redesignated as section 212(a)(7)(A)(i)(I) of the Act by section 601 of the Immigration Act of 1990, 104 Stat. at 5075.

denied the applicant's applications for asylum and withholding of exclusion and deportation under sections 208(a) and 243(h)(1) of the Act, 8 U.S.C. §§ 1158(a) and 1253(h)(1) (1988), and ordered him excluded and deported from the United States. The applicant has appealed only from the immigration judge's denial of his request for asylum and withholding of exclusion and deportation. The appeal will be dismissed. The request for oral argument is denied. 8 C.F.R. § 3.1(e) (1991).

The applicant is a 56-year-old native and citizen of Cuba. He came to the United States in 1980 as part of the Mariel boatlift and was paroled into the United States. He admitted at the hearing that on August 18, 1988, he was convicted of aggravated battery, possession of a firearm and being a person engaged in a criminal offense having a firearm, and was sentenced to 5 years in prison. He also admitted that he injured someone with a shot from the firearm. The record of conviction, which the applicant acknowledged related to him, was admitted into evidence. The applicant's immigration parole was revoked on February 18, 1989. We find that the applicant is excludable as alleged. The remaining issues on appeal concern the applicant's eligibility for asylum and withholding of exclusion and deportation.

The applicant originally filed a Request for Asylum in the United States (Form I-589) with the Immigration and Naturalization Service on June 18, 1980.[3] At the hearing before the immigration judge on April 22, 1991, the applicant stated that he wanted to renew the asylum application he had previously filed. The Service attorney handed the asylum application to the immigration judge from the Service file. A hearing on the merits of the asylum application was held on June 25, 1991.

The immigration judge denied the applicant's applications for asylum and withholding of exclusion and deportation. He found that the applicant was statutorily ineligible for withholding of deportation and that he had failed to establish a well-founded fear of persecution for asylum.

The applicant contends on appeal that his asylum application was not properly filled out by the immigration officer. He asserts that he did not have counsel at the hearing to help him address all the issues.

We find that the applicant's applications for asylum and withholding of exclusion and deportation must be denied under the Act and the present asylum regulations. The applicant's asylum application was filed with the immigration judge at the hearing on April 22, 1991.

---

[3] It is unclear from the record of proceedings whether the asylum application filed with the Service was denied or was never adjudicated.

Even though the applicant had previously filed an application with the Service in 1980 under the interim asylum regulations published on June 2, 1980, *see* 45 Fed. Reg. 37,392 (1980), we find that the filing of the asylum application with the immigration judge on April 22, 1991, brings it within the purview of the present asylum regulations at 8 C.F.R. § 208 (1991).

Some important background information was given in the supplementary information to the present asylum regulations published in the Federal Register. 55 Fed. Reg. 30,674 (1990). It was stated that the interim regulations "were intended only to provide a *temporary* regulatory mechanism for adjudicating claims pending publication of permanent procedures following a period of deliberate study and analysis." *Id.* at 30,675 (emphasis added). It was further stated that "[a]fter an appropriate period of experience under the interim [regulations], the ... concerned administrative agencies of the United States Government conducted detailed reviews and discussions of the asylum process in order to formulate and implement a comprehensive and uniform asylum policy and procedure." *Id.*

The federal regulations at 8 C.F.R. § 208.1(a) (1991) state: "This part shall apply to *all* applications for asylum or withholding of deportation that are filed on or after October 1, 1990." (Emphasis added.) *See Matter of U-M-*, 20 I&N Dec. 327, at 329 (BIA 1991), *aff'd*, 989 F.2d 1085 (9th Cir. 1993). Further, 8 C.F.R. § 208.2(b) (1991) provides that "Immigration Judges shall have *exclusive jurisdiction* over asylum applications filed by an alien [in exclusion or deportation proceedings]." (Emphasis added.) In addition, 8 C.F.R. § 208.2(b) (1991) goes on to state: "The Immigration Judge shall make a determination on such claims *de novo* regardless of whether or not a previous application was filed and adjudicated ... prior to the initiation of exclusion or deportation proceedings."

We conclude that because an asylum application was filed with the immigration judge after October 1, 1990, the present asylum regulations apply. As noted above, the present regulations were carefully formulated based on the experience with the interim regulations and were intended to provide a new framework for adjudicating asylum applications. Under these regulations the immigration judges have exclusive jurisdiction over asylum applications filed in exclusion or deportation proceedings and are to make a de novo determination of such applications. We thus find that the filing before an immigration judge of an asylum application is not a continuation or a mere updating of the application previously filed with the Service. It is, in effect, a *new* application and is to be adjudicated pursuant to the present federal regulations applicable thereto.

Section 243(h)(2)(B) of the Act, 8 U.S.C. § 1253(h)(2)(B) (Supp. II

1990), provides, in pertinent part, that withholding of deportation shall not apply if an alien, "having been convicted by a final judgment of a particularly serious crime, constitutes a danger to the community of the United States." The federal regulations at 8 C.F.R. § 208.14(c)(1) (1991) state that an application for asylum shall be denied if the alien, "having been convicted by a final judgment of a particularly serious crime in the United States, constitutes a danger to the community."

It is obvious to this Board that the purpose of the statute and present asylum regulations is to remove asylum eligibility for an alien convicted of an aggravated felony or a particularly serious crime. The present asylum regulations clearly follow this intent. To hold otherwise would continue to make asylum available to a large number of criminal aliens—all those who had previously filed an asylum application with a Service district director prior to October 1, 1990—for many years to come. This result could not have been intended by the present asylum regulations.

Based on our precedent decisions and the facts in this case, we conclude that the applicant has been convicted of a particularly serious crime and constitutes a danger to the community. In *Matter of Frentescu*, 18 I&N Dec. 244, 247 (BIA 1982), *modified on other grounds, Matter of Gonzalez*, 19 I&N Dec. 682 (BIA 1988), we stated that in judging the seriousness of a crime, the Board will consider such factors as the nature of the conviction, the circumstances and underlying facts of the conviction, the type of sentence imposed, and most importantly, whether the type and circumstances of the crime indicate that the alien will be a danger to the community. We went on to state in *Matter of Frentescu, supra*, that crimes against persons are more likely to be categorized as "particularly serious crimes."

The applicant in the present case has been convicted of, among other things, aggravated battery. The battery was committed with use of a firearm. The applicant admitted that the victim was hit with a bullet from the firearm. He was sentenced to 5 years in prison and has served over 3 years of that sentence. We conclude that the applicant herein has been convicted of a particularly serious crime. In *Matter of Carballe*, 19 I&N Dec. 357 (BIA 1986), *modified on other grounds, Matter of Gonzalez, supra*, we held that once a finding is made that an alien has been finally convicted of a particularly serious crime, it necessarily follows that the alien is a danger to the community of the United States. We thus find, as did the immigration judge, that the applicant is barred by section 243(h)(2) of the Act from withholding of exclusion and deportation. We further find that the applicant is similarly barred from asylum by 8 C.F.R. § 208.14(c)(1) (1991).

Our conclusion that the applicant's conviction for aggravated

battery constitutes a "particularly serious crime" is supported by Congress' characterization of the offense. Section 101(a)(43) of the Act, 8 U.S.C. § 1101(a)(43) (Supp. II 1990), states: "The term 'aggravated felony' means ... any crime of violence (as defined in section 16 of title 18, United States Code ...) for which the term of imprisonment imposed (regardless of any suspension of such imprisonment) is at least 5 years . ..."[4] The offense of aggravated battery (for which the applicant was sentenced to 5 years in prison) has as an element the use, attempted use, or threatened use of physical force against another person and clearly constitutes a "crime of violence" as defined in 18 U.S.C. § 16 (1988). Under section 243(h)(2) of the Act, "an alien who has been convicted of an aggravated felony shall be considered to have committed a particularly serious crime." These provisions clearly show that Congress' characterization of the offense of aggravated battery is in consonance with our interpretation. We note, however, that we are not applying a statutory "aggravated felony" bar to the applicant's applications for asylum or withholding of exclusion and deportation.

Finally, this Board notes that due to the promulgation of the present asylum regulations, the holding in *Arauz v. Rivkind*, 845 F.2d 271 (11th Cir. 1988), which rejected the practice of pretermission of asylum applications by immigration judges, is no longer applicable to this case. Both *Arauz v. Rivkind* and our decision in *Matter of Gonzalez, supra*, solely involved the interim regulations. The present asylum regulations now control asylum applications filed under their provisions.

Accordingly, the appeal will be dismissed.

**ORDER:** The appeal is dismissed.

---

[4] A "crime of violence" is defined in 18 U.S.C. § 16 (1988) as "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another."