**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-3348

KUMAR BHARGAVA,
                                    Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                    Respondent

PETITION FOR REVIEW OF AN ORDER
OF THE BOARD OF IMMIGRATION APPEALS
(Agency No. A95-592-373)
Immigration Judge: Charles M. Honeyman

Submitted Under Third Circuit LAR 34.1(a)
May 14, 2010

Before: BARRY, ROTH, <u>Circuit Judges</u> and DALZELL,[*]
<u>District Judge</u>

(Opinion Filed: July 1, 2010)

---

[*] Honorable Stewart Dalzell, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

1

Michael S. Henry, Esq.
2336 South Broad Street
Philadelphia, PA 19145-0000

Counsel for Petitioner

Richard M. Evans, Esq.
Thomas W. Hussey, Esq.
Christina B. Parascandola, Esq.
Joan E. Smiley, Esq.
United States Department of Justice
Office of Immigration Litigation, Civil Division
P.O. Box 878
Ben Franklin Station
Washington, DC 20044

Counsel for Respondent

---

OPINION OF THE COURT

---

BARRY, Circuit Judge

8 C.F.R. § 208.24(a)(1) provides that "an asylum officer may terminate a grant of asylum made under the jurisdiction of an asylum officer or a district director if following an interview, the asylum officer determines that . . . [t]here is a showing of fraud in the alien's application such that [the alien] was not eligible for asylum at the time it was granted." That regulation, however, is silent with respect to review by an immigration judge of an asylum officer's termination of asylum. Rather, in circumstances such as those in this case, where the alien is not already in removal proceedings, 8 C.F.R. § 208.24(e) instructs the Department of Homeland Security ("DHS") to "initiate removal proceedings, as appropriate."

The sole question before us is whether the Board of

2

Immigration Appeals ("BIA") erred in affirming the Immigration Judge's ("IJ") decision that he lacked jurisdiction to review DHS's termination of petitioner's asylum status. Because that conclusion was not arbitrary or capricious nor plainly erroneous or inconsistent with the regulation at issue, we will deny the petition for review.

## I.

Ashok Kumar Bhargava is a native and citizen of India. He was granted asylum by an asylum officer – not an immigration judge – in September 2002.

In February 2004, Bhargava was served with Notice of Intent to Terminate Asylum Status. That notice informed Bhargava that DHS "obtained evidence that indicates fraud in your application for asylum such that you were not eligible for asylum at the time it was granted," specifically that "[t]he preparers of your application for asylum indicated as a part of a plea agreement that the claims made in the asylum application you submitted were fraudulent, and that the documents you submitted in support of your testimony as having been tortured were counterfeit." (A1.)

Following a termination interview, DHS, in February 2005, notified Bhargava that his asylum status was terminated and served him with a Notice to Appear, placing him in removal proceedings. Bhargava moved before the IJ to terminate the removal proceedings and to certify his case to the BIA. The IJ denied both motions. In so doing, the IJ held "that [he] does not have jurisdiction to review a termination of asylum status by the asylum office." (A23.) After noting 8 C.F.R. § 208.24's silence on the issue and distinguishing the cases cited by Bhargava, the IJ wrote that he "cannot locate any authority in the Act or in the regulations which gives [him] the authority to review *de novo* the legal sufficiency of the termination of a grant of asylum and withholding of removal in accordance with the procedures set forth in 8 C.F.R. § 208.24." (A24.) The IJ continued: "It appears to the Court that if Congress, in the Act, or the Attorney General, in the regulations, intended for IJs to have review *de novo* over the termination of an asylum grant, that language would be specifically included in the Act or the regulations, as it is in other sections." (*Id.*).

A hearing was subsequently held on the merits of Bhargava's claims for asylum, withholding of removal, and relief under the Convention Against Torture. The IJ made an adverse credibility determination and held that Bhargava failed to meet his burden of proof. The BIA adopted and affirmed the IJ's decision, including the IJ's determination that he lacked jurisdiction to review the DHS's termination of Bhargava's asylum status.[1] It also denied Bhargava's motion to remand, and dismissed the appeal.

## II.

Bhargava does not challenge the IJ's and BIA's denial of relief on the merits. Rather, the sole question before us is whether the BIA – and the IJ before it – erred in determining that the IJ lacked jurisdiction to review DHS's termination of petitioner's asylum status. We review this question of law *de novo*. *Fadiga v. Att'y Gen.*, 488 F.3d 142, 153-54 (3d Cir. 2007). Somewhat surprisingly, there are no reported district court or court of appeals decisions on point.

In conducting our review, we are mindful that "we owe deference to the BIA's conclusion as to the scope of its jurisdiction" so long as the BIA's interpretation of a statute or a regulation is "not arbitrary or capricious, nor plainly erroneous or inconsistent with the regulation." *Zegrean v. Att'y Gen.*, 602 F.3d 273, -- (3d Cir. 2010).

Pursuant to 8 C.F.R. § 208.24(a), "an asylum officer may terminate a grant of asylum made under the jurisdiction of any asylum officer or a district director if following an interview, the asylum officer determines that" one of three conditions exist, including, as here, "a showing of fraud in the alien's application such that [the alien] was not eligible for asylum at the time it was granted." Before an asylum officer may do so, however, the alien "shall be given notice of intent to terminate, with the reasons

---

[1] Where, as here, the BIA's decision substantially relies on the IJ's decision, we consider both decisions. *Kaita v. Att'y Gen.*, 522 F.3d 288, 295-96 (3d Cir. 2008).

4

therefor, at least 30 days prior to" an interview, at which the alien can present evidence demonstrating eligibility for asylum. 8 C.F.R. § 208.24(c). Should the asylum officer thereafter conclude "that the alien is no longer eligible for asylum . . . the alien shall be given written notice that asylum status . . . [is] terminated." *Id.*

The regulation continues: "When an alien's asylum status . . . is terminated . . . the Service shall initiate removal proceedings, as appropriate, if the alien is not already in . . . removal proceedings." 8 C.F.R. § 208.24(e). Section 208.24(f) provides that an immigration judge "may terminate a grant of asylum . . . made under the jurisdiction of the Service at any time after the alien has been provided a notice of intent to terminate." 8 C.F.R. § 208.24(f). Most important for our purposes, both 8 C.F.R. § 208.24 and 8 U.S.C. § 1158, the statute which governs asylum and the termination thereof, are silent with respect to an immigration judge's jurisdiction to review a termination of asylum by DHS.

That silence must be juxtaposed against other statutes and regulations that expressly confer jurisdiction on an immigration judge following an asylum officer's or director's decision. One example is the law governing joint petitions to remove the conditional basis of lawful permanent resident status for alien spouses. *See* 8 C.F.R. § 216.4. Under that regulation, if the director finds that an alien and his or her spouse were not in a qualifying marriage and denies the joint petition for lawful permanent resident status, "[n]o appeal" lies, but "the alien may seek review of the decision in removal proceedings." 8 C.F.R. § 216.4(d)(2); *accord* 8 U.S.C. § 1186a(c)(3)(D) ("Any alien whose permanent resident status is terminated . . . may request a review of such determination in a proceeding to remove the alien.") Another example is the regulation governing temporary protected status. *See* 8 C.F.R. § 1244.10. Under that regulation, should the director deny temporary protected status and issue a notice to appear, although not entitled to an appeal of the director's decision, the alien has a "right to a de novo determination of his or her eligibility for Temporary Protected Status in . . . exclusion proceedings." 8 C.F.R. § 1244.10(c)(2).

Those statutes and regulations demonstrate that Congress

and the Attorney General are capable of expressly conferring jurisdiction on an immigration judge to review an administrative decision.  The silence in 8 U.S.C. § 1158 and 8 C.F.R. § 208.24 speaks volumes.  *See INS v. Cardoza-Fonseca*, 480 U.S. 421, 432 (1987) ("Where Congress includes particular language in one section of a statue but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." (quotation and editing marks omitted)).

### III.

We cannot say that the IJ's and BIA's conclusion was arbitrary or capricious, nor plainly erroneous or inconsistent with the regulation.  The petition for review will, therefore, be denied.