# Matter of A-S-J-, Respondent

*Decided August 24, 2012*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

  An Immigration Judge lacks jurisdiction to review the termination of an alien's asylum status by the Department of Homeland Security pursuant to 8 C.F.R. § 208.24(a) (2007).

FOR RESPONDENT:  Michael P. DiRaimondo, Esquire, Melville, New York

FOR THE DEPARTMENT OF HOMELAND SECURITY:  Seth L. Brugger, Assistant Chief Counsel

BEFORE:  Board Panel:  PAULEY and GREER, Board Members.  Dissenting Opinion: COLE, Board Member.

GREER, Board Member:

In a decision dated May 4, 2010, an Immigration Judge terminated the proceedings against the respondent, finding that the Department of Homeland Security ("DHS") failed to establish by a preponderance of the evidence that the respondent committed fraud in his application for asylum, and reinstating the asylum status granted by the former Immigration and Naturalization Service ("INS").  The DHS has appealed from that decision.  This case addresses the question whether the Immigration Judge had jurisdiction under 8 C.F.R. § 1208.24(f) (2010) to review the termination of the respondent's asylum status by the DHS pursuant to 8 C.F.R. § 208.24(a) (2007).[1]

---

[1] The functions of the INS were transferred to the DHS on March 1, 2003, pursuant to the Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135.  As part of the restructuring, the regulations were reorganized into separate chapters for the DHS and the Executive Office for Immigration Review ("EOIR").  *See* Aliens and Nationality; Homeland Security; Reorganization of Regulations, 68 Fed. Reg. 9824 (Feb. 28, 2003).  At that time, the regulations that were formerly only at 8 C.F.R. § 208.24 were duplicated at 8 C.F.R. § 1208.24, so that both regulations were identical.  *Id.* at 9825 (Supplementary Information). In 2011, the DHS made minor changes to 8 C.F.R. § 208.24, including replacing "the Service" with "USCIS."  *See* Immigration Benefits Business Transformation, Increment I, 76 Fed. Reg. 53,764, 53,785 (Aug. 29, 2011).  We note that these changes were

(continued...)

We review this question of law de novo and hold that the Immigration Judge lacked such jurisdiction.[2]  The DHS appeal will be sustained and the record will be remanded to the Immigration Judge for further proceedings.

## I.  FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of Albania who entered the United States on March 15, 1997.  He filed an application for asylum on July 25, 1997, which was granted by the INS on October 29, 1997.  After residing in the United States for approximately 10 years, the respondent filed an application for adjustment of status on January 5, 2007.[3]  On June 5, 2007, the DHS served the respondent with a notice of intent to terminate his asylum status under 8 C.F.R. § 208.24(a)(1), based on an alleged showing of fraud and on fraudulent documentation in his application for asylum.[4]  The respondent appeared for an interview regarding the notice of intent to terminate.  On September 7, 2007, the DHS terminated the respondent's asylum status and served him with a notice to appear, charging him under section 237(a)(1)(A) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(1)(A) (2006), as an alien who was inadmissible at the time of entry under section 212(a)(7)(A)(i)(I) of the Act, 8 U.S.C. § 1182(a)(7)(A)(i)(I) (2006), for lack of valid entry documents.

---

(...continued)

not accurately codified in the 2012 Code of Federal Regulations.  When referring to DHS action, we will reference 8 C.F.R. § 208.24 as it read in 2007 when the respondent's asylum status was terminated by the DHS.  When referring to the Immigration Judge or the Board, we cite to the identical EOIR regulation at 8 C.F.R. § 1208.24, which still reads the same as it did in 2007.

[2] In *Nijjar v. Holder*, 689 F.3d 1077 (9th Cir. 2012), the United States Court of Appeals for the Ninth Circuit held that the DHS does not have statutory authority to terminate an alien's asylum status.  The court declared the regulations at 8 C.F.R. §§ 208.24(a) and 1208.24(a) to be ultra vires.  Currently, no other circuit so holds.  This case arises within the jurisdiction of the Second Circuit.  We will only apply *Nijjar* within the jurisdiction of the Ninth Circuit at this time.  *See Matter of E.W. Rodriguez*, 25 I&N Dec. 784, 788 (BIA 2012).  We have no authority to declare the regulations to be invalid.  *See, e.g., Matter of Fede*, 20 I&N Dec. 35 (BIA 1989).

[3] After 1 year, aliens who have been granted asylum may apply for adjustment of status under section 209(b) of the Act, 8 U.S.C. § 1159(b) (2006), provided they continue to qualify as a refugee and are otherwise admissible.

[4] Specifically, the respondent was alleged to have paid an intermediary to deliver money to a former supervisory asylum officer (who was later convicted of bribery and conspiracy in handling asylum cases) in exchange for the approval of his asylum application.

At a hearing before the Immigration Judge, the respondent, through counsel, admitted the allegations in the notice to appear and conceded that he is removable. The respondent renewed his request for asylum and filed a motion to terminate the proceedings, arguing that the DHS had improperly terminated his asylum status because it failed to demonstrate fraud.

The Immigration Judge held that the DHS failed to establish by a preponderance of the evidence that the respondent committed fraud or engaged in fraudulent acts to obtain immigration benefits. He therefore granted the respondent's motion to terminate the removal proceedings and restored his asylum status. The Immigration Judge concluded that he had jurisdiction to review the DHS's termination of asylum under 8 C.F.R § 1208.24(f). He reasoned that because the regulations allow an Immigration Judge to terminate a grant of asylum at any time after the alien has been provided notice of the intent to terminate such status, it is logical to infer that Immigration Judges also have the authority to restore an alien's asylum status that has been terminated by the DHS.

## II. ISSUE

The question before us is whether an Immigration Judge has jurisdiction under 8 C.F.R. § 1208.24(f) to review the DHS's termination of an alien's asylum status pursuant to 8 C.F.R. § 208.24(a).

## III. STATUTORY AND REGULATORY AUTHORITY

The statute and the regulations do not permit removal of an alien who has been granted asylum unless the alien's asylum status has been terminated. Section 208(c)(1)(A) of the Act, 8 U.S.C. § 1158(c)(1)(A) (2006); 8 C.F.R. §§ 208.22, 1208.22 (2012); *cf. Matter of Smriko*, 23 I&N Dec. 836 (BIA 2005) (holding that refugee status need not be terminated under section 207(c)(4) of the Act, 8 U.S.C. § 1157(c)(4) (2006), in order to find an alien removable). Section 208(c)(2) of the Act provides that a grant of asylum "does not convey a right to remain permanently in the United States." The statute also identifies reasons for which a grant of asylum may be terminated. Sections 208(c)(2)(A)–(E) of the Act.

The implementing regulations for section 208(c)(2) of the Act are codified at 8 C.F.R. §§ 208.24 and 1208.24 and are entitled "Termination of asylum or withholding of removal or deportation." The regulations provide two

avenues for terminating a grant of asylum.  One is before the DHS and the other is before an Immigration Judge.[5]

## A.  DHS Termination of an Asylum Grant

The regulation at 8 C.F.R. § 208.24(a)(1) allows a DHS asylum officer to terminate asylum granted "under the jurisdiction of an asylum officer or a district director if following an interview, the asylum officer determines that . . . [t]here is a showing of fraud in the alien's application such that he or she was not eligible for asylum at the time it was granted."[6]  The procedure to be followed by the asylum officer to terminate a grant of asylum is set forth in 8 C.F.R. § 208.24(c), which requires notice of intent to terminate, an interview where the alien may present evidence of asylum eligibility, and, if warranted, written notice of termination of asylum status. The termination of a grant of asylum for a principal asylum applicant also serves to terminate "the asylum status of a spouse or child whose status was based on the asylum application of the principal," but these individuals are not precluded from separately applying for asylum.  8 C.F.R. § 208.24(d).  Upon terminating an alien's asylum status, the DHS will institute removal proceedings, if appropriate.  8 C.F.R. § 208.24(e).  The alien may reapply for asylum before an Immigration Judge.  *See, e.g.*, *Qureshi v. Holder*, 663 F.3d 778, 780-81 (5th Cir. 2011) (citing section 208(a)(1) of the Act).  The regulations do not require that the Immigration Judge accept the determination of fraud made by the United States Citizenship and Immigration Services ("USCIS"); rather, the Immigration Judge determines the respondent's eligibility for asylum de novo.[7]

---

[5] This case addresses termination of an asylum grant, but the same procedures apply to a termination of a grant of withholding of removal.  *See* 8 C.F.R. §§ 208.24(b)–(c), 1208.24(b)–(c).

[6] The regulation at 8 C.F.R. § 208.24(a)(2) specifies that the DHS may terminate asylum under the conditions specified by section 208(c)(2) of the Act for asylum applications filed on or after April 1, 1997.  Asylum applications filed prior to April 1, 1997, may be terminated by the DHS under 8 C.F.R. § 208.24(a)(3) if "the alien no longer has a well-founded fear of persecution upon return due to a change of country conditions . . . or the alien has committed any act that would have been grounds" for mandatory asylum denial under 8 C.F.R. § 208.13(c)(2).

[7] An alien who timely filed an asylum application before the USCIS or the former INS is not time barred from filing the same asylum application before the Immigration Judge since the claim was timely made at the outset.  *But see Nijjar v. Holder*, 689 F.3d at 1081-82 & n.19. For different asylum claims, an alien who was already granted asylum status would not previously have had reason to file another asylum application.  Such later-arising claims based on a different fear of harm would be evaluated under the regulations for changed and extraordinary circumstances at 8 C.F.R. §§ 1208.4(a)(4) and (5) (2012).

### B.  Termination of an Asylum Grant in Removal Proceedings

Aliens who are currently in removal proceedings or were granted asylum by an Immigration Judge or the Board are under the jurisdiction of the Executive Office for Immigration Review pursuant to 8 C.F.R. § 1208.24(f). *See Matter of K-A-*, 23 I&N Dec. 661, 665 (BIA 2004) (discussing the Immigration Judge's authority to terminate a grant of asylum under 8 C.F.R. § 1208.24(f)).  The DHS may serve a notice of intent to terminate asylum on an alien in removal proceedings, at which point the Immigration Judge has jurisdiction to determine the issue.  8 C.F.R. § 1208.24(e) (stating that "[r]emoval hearings may take place in conjunction with a termination hearing").  Thus, in situations where the DHS issues a notice of intent to terminate asylum against an alien in removal proceedings, the Immigration Judge has jurisdiction to adjudicate the asylum termination in the first instance. 8 C.F.R. § 1208.24(f) (stating that "an Immigration Judge may terminate a grant of asylum . . . made under the jurisdiction of the Service at any time after the alien has been provided a notice of intent to terminate by the Service").

Similarly, if the Immigration Judge or the Board granted asylum to the alien, the DHS may seek reopening for the purpose of requesting that asylum be terminated. 8 C.F.R. §1208.24(f).  In such a reopened proceeding, the DHS bears the burden of establishing by a preponderance of the evidence that a ground for termination exists.  *Id.*; *see also, e.g.*, *Ntangsi v. Gonzales*, 475 F.3d 1007, 1012-13 (8th Cir. 2007) (explaining that to terminate a grant of asylum for fraud in reopened proceedings, the Government must prove, by a preponderance of the evidence, that the alien knowingly committed fraud in the asylum application that would have rendered her ineligible for asylum).

In seeking reopening, the DHS is not subject to the time and numerical limitations on motions to reopen in removal proceedings, or in exclusion or deportation proceedings based on "fraud in the original proceeding or a crime that would support termination of asylum."  8 C.F.R. §§ 1003.2(c)(3)(iv), 1003.23(b)(1) (2012); *see also* 8 C.F.R. § 1003.2(c)(2). The DHS must, however, base its motion on evidence that is material and was not previously available.  *See Hailemichael v. Gonzales*, 454 F.3d 878, 883 (8th Cir. 2006) (explaining that the DHS is not exempt from meeting the regulatory requirement that a motion to reopen be supported by new and previously unavailable evidence); *see also Ivanov v. Gonzales*, 487 F.3d 635, 638-40 (8th Cir. 2007); *Johnson v. Ashcroft*, 378 F.3d 164, 171-72 (2d Cir. 2004).

In the case of an arriving alien, if the DHS determines that a grant of asylum should be terminated, the DHS must issue a notice of intent to terminate and initiate removal proceedings.  The alien will respond to the

notice of intent to terminate during proceedings before the Immigration Judge. 8 C.F.R. § 1208.24(g).

## IV. ANALYSIS

We examine the regulatory scheme implementing the statutory sections providing for the termination of asylum. The regulations specifically provide for DHS jurisdiction to terminate asylum under 8 C.F.R. § 208.24(a). Similarly, 8 C.F.R. § 1208.24(f) confers jurisdiction on an Immigration Judge to adjudicate a request by the DHS to terminate an asylum grant if removal proceedings are underway and the DHS has served the alien with a notice of intent to terminate asylum. For arriving aliens, jurisdiction over the termination of asylum lies with the Immigration Judge pursuant to 8 C.F.R. § 1208.24(g). Further, the regulations confer jurisdiction on the Immigration Judge or the Board to reopen removal proceedings and determine whether a grant of asylum made in removal proceedings should be terminated. 8 C.F.R. § 1208.24(f). When reading the regulations as a whole, which we must, we conclude that the structure resolves the issue in this case by revealing that the Immigration Judge does not have jurisdiction to review the termination of asylum by the DHS under 8 C.F.R. § 208.24(a). *See FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 133 (2000) (discussing the need to "interpret the statute 'as a symmetrical and coherent regulatory scheme'" (quoting *Gustafson v. Alloyd Co.*, 513 U.S. 561, 569 (1995))).

The Act contains other examples of dual adjudication tracks where jurisdiction is determined by whether the alien is or has been subject to removal proceedings. For example, aliens seeking to remove the conditional basis of their permanent resident status must, in the first instance, apply to the DHS. If the DHS denies the alien's joint petition to remove the conditional basis of his resident status or an application to waive the joint petition requirement, the alien may obtain review of the denial in removal proceedings before the Immigration Judge. Section 216(c)(3)(D) of the Act, 8 U.S.C. § 1186a(c)(3)(D) (2006) ("Any alien whose permanent resident status is terminated . . . may request a review of such determination in a proceeding to deport the alien."); 8 C.F.R. §§ 216.4(d)(2), 216.5(f), 1216.4(d)(2), 1216.5(f) (2012); *see also Matter of Herrera Del Orden*, 25 I&N Dec. 589 (BIA 2011). The Immigration Judge's jurisdiction to review a DHS action is expressly provided for in the regulations, and the alien does not have the ability in the first instance to file the joint petition or waiver with the Immigration Judge. *Matter of Anderson*, 20 I&N Dec. 888 (BIA 1994) (concluding that Immigration Judges and the Board lacked jurisdiction to consider a section 216(c)(4) waiver application that the applicant had not initially filed with the former INS).

Similarly, an alien whose application for temporary protected status ("TPS") is denied by the USCIS may seek de novo review of the application before the Immigration Judge. Section 244(b)(5)(B) of the Act, 8 U.S.C. § 1254a(b)(5)(B); 8 C.F.R. §§ 244.18(b), 1244.18(b) (2012). Further, the applicant may apply for TPS in the first instance in removal proceedings. *Matter of Lopez-Aldana*, 25 I&N Dec. 49, 51 n.1 (BIA 2009).

In addition, an alien whose application for adjustment of status has been denied by the USCIS may, if not subject to the restrictions on arriving aliens, "renew" the adjustment application in proceedings before the Immigration Judge. Alternatively, an alien in removal proceedings may seek adjustment of status in the first instance from the Immigration Judge. 8 C.F.R. §§ 245.2(a)(5)(ii), (c), 1245.2(a)(5)(ii), (c) (2012); *Matter of Silitonga*, 25 I&N Dec. 89 (BIA 2009).

The regulations for the above-referenced examples—initial USCIS denials of joint petitions and waiver applications to terminate conditional permanent resident status, USCIS denials of TPS, and USCIS denials of adjustment applications—all expressly provide that the Immigration Judge may evaluate the application, that is, either review a USCIS denial or allow the applicant to "renew" the application. The regulations also allow for initial Immigration Judge jurisdiction once removal proceedings have commenced where specified. Here, the regulations for termination of asylum status provide for either (1) USCIS adjudication, with the possibility of the alien asserting a subsequent claim for asylum before the Immigration Judge in removal proceedings or (2) Immigration Judge jurisdiction to conduct an asylum termination hearing or to reopen the proceedings for the DHS to pursue termination of asylum status. The regulations do not confer jurisdiction on the Immigration Judge to review a DHS termination of an asylum grant under 8 C.F.R. 208.24(a). *See Bhargava v. Att'y Gen. of U.S.*, 611 F.3d 168 (3d Cir. 2010) (concluding that the regulations do not confer jurisdiction on Immigration Judges to review a termination of asylum by the DHS).[8]

## V. CONCLUSION

In the instant case, the DHS revoked the respondent's asylum status, which had been granted by the former INS, and placed him in removal proceedings. The Immigration Judge reviewed the DHS's underlying revocation of the respondent's asylum status after erroneously concluding that 8 C.F.R. § 1208.24(f) conferred implicit jurisdiction upon him to do so. Although

---

[8] The respondent argues that the DHS violated his right to due process by failing to establish by a preponderance of the evidence that his grant of asylum should be terminated. Given our resolution of this case, we lack jurisdiction over the respondent's claim.

an Immigration Judge, in certain circumstances described above, has the authority under the regulations to terminate an alien's asylum status, we conclude that an Immigration Judge does not have jurisdiction to review a determination made by the DHS to terminate asylum under 8 C.F.R. § 208.24(a).

Based on our interpretation of the regulations, we conclude that the Immigration Judge erred in finding that he had authority to review the DHS's termination of the respondent's asylum status. Accordingly, the DHS's appeal will be sustained, and the record will be remanded for further proceedings regarding the respondent's removability and eligibility for relief from removal.

**ORDER:**  The appeal of the Department of Homeland Security is sustained, the decision of the Immigration Judge is vacated, and the removal proceedings are reinstated.

**FURTHER ORDER:**  The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.


*DISSENTING OPINION:*     Patricia A. Cole, Board Member

I respectfully dissent.

I would affirm the Immigration Judge's decision to terminate the respondent's removal proceedings. The Immigration Judge held that the Department of Homeland Security ("DHS") had failed to satisfy its burden of proof to establish by a preponderance of the evidence that the respondent had committed fraud or had engaged in fraudulent acts to obtain his prior grant of political asylum.

The majority errs in identifying the issue in this case as whether 8 C.F.R. §1208.24(f) (2010) provided jurisdiction to the Immigration Judge to review a termination of an alien's asylum status under 8 C.F.R. § 208.24(a) (2007). The Immigration Judge did not rely on 8 C.F.R. § 1208.24(f). Rather, he specifically relied on 8 C.F.R. §§ 208.24(e) and (f). The majority asserts a distinction without a difference by relying on the fact that the regulations are divided into DHS and Executive Office for Immigration Review ("EOIR") counterparts but then not acknowledging that in each of the counterparts, 8 C.F.R. § 208.24 and 8 C.F.R. § 1208.24, there are actions by both the DHS and the Immigration Judge or the Board. *Each* of the regulations provides two avenues, one before the DHS and the other before an Immigration Judge or the

Board, to terminate a grant of asylum. Specifically, the Immigration Judge relied on the following regulations:

> *Removal proceedings.* When an alien's asylum status or withholding of removal or deportation is terminated under this section, the Service shall initiate removal proceedings, as appropriate, if the alien is not already in exclusion, deportation, or removal proceedings. *Removal proceedings may take place in conjunction with a termination hearing scheduled under § 208.24(f).*

8 C.F.R. § 208.24(e) (second emphasis added).

> *Termination of asylum, or withholding of deportation or removal, by an immigration judge or the Board of Immigration Appeals.* An immigration judge or the Board of Immigration Appeals may reopen a case pursuant to [8 C.F.R. § 3.2 or 3.23] for the purpose of terminating a grant of asylum, or a withholding of deportation or removal. In such a reopened proceeding, the Service must establish, by a preponderance of evidence, one or more of the grounds set forth in paragraphs (a) or (b) of this section. *In addition, an immigration judge may terminate a grant of asylum, or a withholding of deportation or removal, made under the jurisdiction of the Service at any time after the alien has been provided a notice of intent to terminate by the Service.* Any termination under this paragraph may occur in conjunction with an exclusion, deportation, or removal proceeding.

8 C.F.R. § 208.24(f) (second emphasis added).

The Immigration Judge reasoned that because an Immigration Judge may terminate a grant of asylum at any time after the alien has been provided notice of intent to terminate such status, it is logical to infer that he also has the authority to restore asylum status terminated by the DHS. After conducting a merits hearing and finding that the DHS did not meet the burden of proof by a preponderance of the evidence that the respondent committed fraud in obtaining political asylum, the Immigration Judge terminated proceedings.[1]

Further, the majority does not address the fundamental issue facing this respondent. He has not had an opportunity to receive a full and fair hearing on the termination of his asylum status. On appeal, the respondent also asserts that he was denied the right to even inspect the Government's evidence. The burden of proof in termination proceedings is on the Government to prove by a preponderance of the evidence that the alien knowingly committed fraud in the asylum application. Pursuant to the majority's holding, the respondent's

---

[1] As noted by the majority, in *Nijjar v. Holder*, 689 F.3d 1077 (9th Cir. 2012), the United States Court of Appeals for the Ninth Circuit held that Congress conferred the authority to terminate asylum exclusively on the Attorney General in section 208(c)(2) of the Immigration and Nationality Act, 8 U.S.C. §1158(c)(2) (2006).

asylum status is terminated with no review, and he has an increased evidentiary burden if his only recourse is to reapply and to establish eligibility for asylum.[2]

Finally, *Bhargava v. Attorney General of U.S.*, 611 F.3d 168 (3d Cir. 2010), is distinguishable. The court in that case did not decide the jurisdictional question. Rather, it gave deference to the Board's conclusion as to the scope of its "jurisdiction" and only decided that the Board's conclusion was neither arbitrary or capricious nor plainly erroneous or inconsistent with the regulation.

---

[2] I agree with the court in *Nijjar v. Holder*, 689 F.3d at 1082-83, that it is difficult "to imagine that Congress intended so important a determination as terminating asylum status for fraud to be an unreviewable decision, made . . . on the basis of an informal interview." I also concur in the court's logic that it "can think of no reason why Congress would give an alien more procedural protection when his asylum application is denied in the first instance, than when his asylum status is granted but subsequently taken away." *Id.* at 1085.