# Matter of X-Q-L-, Respondent

*Decided November 8, 2019*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

Reopening of proceedings to terminate a grant of asylum is warranted if the Department of Homeland Security has demonstrated that evidence of fraud in the original proceeding was not previously available and is material because, if known, it would likely have opened up lines of inquiry that could call the alien's eligibility for asylum into doubt.

FOR RESPONDENT: Meer M. Rahman, Esquire, New York, New York

FOR THE DEPARTMENT OF HOMELAND SECURITY: Hayden Windrow, Assistant Chief Counsel

BEFORE: Board Panel: GREER and O'CONNOR, Board Members; BAIRD, Temporary Board Member.

GREER, Board Member:

In a decision dated November 26, 2013, an Immigration Judge granted asylum to the respondent, a native and citizen of China. The Department of Homeland Security ("DHS") waived appeal, but subsequently filed a motion to reopen on October 31, 2017, seeking termination of the grant of asylum based on fraud. On February 16, 2018, the Immigration Judge denied the motion to reopen. The DHS has appealed from that decision. The appeal will be sustained, the proceedings will be reopened, and the record will be remanded for further proceedings.

In support of its motion, the DHS submitted evidence showing that the attorney who prepared the respondent's asylum application in May 2011 was convicted of conspiracy to commit immigration fraud on November 24, 2014, based on overt acts she committed between 2010 and 2012. The Immigration Judge determined that the evidence of fraud was not new or previously unavailable because the respondent's attorney had been indicted before asylum was granted. She also concluded that the evidence the DHS provided to support its allegation of fraud in the respondent's application was insufficient to warrant reopening. For example, she observed that the DHS did not present evidence of other applications the attorney prepared with the same fact pattern or provide proof of its assertion that officers of the United States Citizenship and Immigration Services ("USCIS") had reviewed the respondent's application in connection with a larger fraud investigation.

On appeal, the DHS argues that the Immigration Judge erred by finding that the attorney's conviction and related information from the investigation did not amount to new or previously unavailable evidence and that the evidence submitted was insufficient to support reopening.

## I. ISSUE

In deciding this case, we address the regulatory framework that sets forth the legal standard governing the reopening of proceedings for a hearing on whether a grant of asylum should be terminated.

## II. REGULATORY FRAMEWORK

The regulations provide the procedure for the DHS to follow when it seeks to terminate a grant of asylum from an Immigration Judge or the Board. According to 8 C.F.R. § 1208.24(f) (2019),

> An immigration judge or the Board of Immigration Appeals may reopen a case pursuant to [8 C.F.R. § 1003.2 or § 1003.23 (2019)] for the purpose of terminating a grant of asylum . . . . In such a reopened proceeding, the [DHS] must establish, by a preponderance of evidence, one or more of the grounds set forth in paragraphs (a) or (b) of this section.

One of the grounds that the DHS may establish in reopened proceedings is that there was "fraud in the alien's application such that he or she was not eligible for asylum at the time it was granted." 8 C.F.R. § 1208.24(a)(1); *see also Matter of N-A-I-*, 27 I&N Dec. 72, 75–76 (BIA 2017); *Matter of P-S-H-*, 26 I&N Dec. 329, 331 (BIA 2014).

Because the respondent was granted asylum by the Immigration Judge and no appeal was taken, the DHS properly directed its motion to reopen to the Immigration Judge. 8 C.F.R. § 1003.23. Further, since the basis for the DHS's motion is an allegation of fraud in the original proceeding, the time and number limitations on motions to reopen do not apply. 8 C.F.R. § 1003.23(b)(1). Although the DHS is not constrained by those limitations, its "motion to reopen will not be granted unless the Immigration Judge is satisfied that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.23(b)(3); *see also Johnson v. Ashcroft*, 378 F.3d 164, 170–71 (2d Cir. 2004); *Matter of A-S-J-*, 25 I&N Dec. 893, 897 (BIA 2012).

Information is "material" when it has a "natural tendency to affect[] the official decision" of the adjudicator. *Kungys v. United States*, 485 U.S. 759, 771 (1988) (addressing the "materiality" of an alien's misrepresentation in a naturalization proceeding); *see also Matter of D-R-*, 27 I&N Dec. 105, 113

(BIA 2017) (considering whether an alien's misrepresentation shut off a line of inquiry that would have disclosed relevant facts); *Matter of Bosuego*, 17 I&N Dec. 125, 130 (BIA 1979, 1980) (stating that a misrepresentation is material if it tends to shut off a relevant line of inquiry that might have altered the outcome of the proceeding).

Thus, reopening to terminate a grant of asylum is warranted if the DHS can demonstrate that there is evidence of fraud in the original proceeding that was not previously available and is material because, if known, it would likely have opened up lines of inquiry that could call the alien's eligibility for asylum into doubt. 8 C.F.R. §§ 1003.23(b)(3), 1208.24(a)(1), (f); *see also Alrefae v. Chertoff*, 471 F.3d 353, 361 (2d Cir. 2006) (requiring the movant to offer evidence to the satisfaction of the Immigration Judge that is material and not previously available); *Matter of Coelho*, 20 I&N Dec. 464, 473 (BIA 1992) (stating that a motion will not ordinarily be granted unless "the new evidence offered would likely change the result").

In support of its motion to reopen, the DHS submitted evidence that the respondent's attorney was convicted of immigration fraud in November 2014, a year after the Immigration Judge granted the respondent's asylum application. The evidence included the conviction record and a sentencing memo explaining that the vast majority of the cases the attorney worked on involved fraud and had fact patterns similar to the respondent's.

We disagree with the Immigration Judge's finding that the evidence was not new or previously unavailable because the attorney was indicted prior to the respondent's grant of asylum. The attorney's conviction resulted from a larger investigation into fraudulent asylum practices, and at the time the respondent was granted asylum, it was not yet known whether a conviction would be obtained based on the indictment. We conclude that the lawyer's conviction record and the evidence in the sentencing memo regarding the fraudulent acts she committed were "not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.23(b)(3); *see also Matter of A-S-J-*, 25 I&N Dec. at 897.

The evidence that the attorney had prepared the respondent's asylum application during the same period of time she worked on numerous similar applications that were the basis for her conviction is also material, as is evidence that the lawyer's prior associates testified regarding the nature and extent of the fraud she committed. Had these facts been known during the original proceedings, they would have opened up other lines of inquiry for the DHS to pursue that are relevant to the authenticity of the respondent's claim and would call into question her eligibility for asylum at the time of the grant. *Cf. Matter of D-R-*, 27 I&N Dec. at 113 (considering whether a misrepresentation "tends to shut off" a relevant line of inquiry "that would predictably have disclosed other facts").

The Immigration Judge also found that the DHS did not present sufficient evidence to prove that the respondent's application was, in fact, fraudulent. However, the standard for reopening based on an allegation of fraud in the underlying proceedings is lower than the "preponderance of the evidence" standard required to prove fraud in the reopened proceeding. 8 C.F.R. § 1208.24(a)(1), (f). The DHS has submitted evidence of fraud in the respondent's original proceeding that was not then available and that is material because, if known, it could have resulted in the denial of her asylum application. *See Johnson*, 378 F.3d at 170–71. We therefore conclude that reopening to terminate her grant of asylum is warranted.

In reopened proceedings, the DHS carries the burden of proof to establish by a preponderance of the evidence that the respondent's asylum application was fraudulent, that she was not eligible for asylum when it was granted, and that she would not have been eligible on the true facts. *See* 8 C.F.R. § 1208.24(a)(1), (f); *see also Matter of P-S-H-*, 26 I&N Dec. at 333, 336–37.[1] The DHS may present additional evidence at the new hearing to meet that burden.[2] After the DHS presents its case, the respondent will have the opportunity to rebut the allegation of fraud in the underlying proceeding. *Cf. Suzhen Meng v. Holder*, 770 F.3d 1071, 1074 (2d Cir. 2014) (stating that an alien must show by a preponderance of the evidence that she is not barred from seeking asylum).

In sum, we conclude that the DHS has presented evidence that meets the standard for reopening because it is material and was unavailable at the time the respondent's asylum was granted. We will therefore reopen the proceedings and remand the record to the Immigration Judge for a hearing to determine whether termination of the respondent's grant of asylum is warranted under 8 C.F.R. § 1208.24. We express no opinion on the outcome in remanded proceedings. Accordingly, the DHS's appeal will be sustained.

**ORDER:** The appeal of the Department of Homeland Security is sustained, the decision of the Immigration Judge is vacated, and the removal proceedings are reopened.

**FURTHER ORDER:** The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.

---

[1] A "[p]reponderance of the evidence" is "evidence which as a whole shows that the fact sought to be proved is more probable than not." *Matter of Lemhammad*, 20 I&N Dec. 316, 320 n.5 (BIA 1991) (citation omitted); *see also Matter of Chawathe*, 25 I&N Dec. 369, 376 (AAO 2010) ("The 'preponderance of the evidence' standard requires that the evidence demonstrate that the applicant's claim is 'probably true . . . .'" (citation omitted)).

[2] For example, the DHS may substantiate its claim that "USCIS immigration officers have reviewed the respondent's application for asylum and have found fraud."