**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARMANDO GUTIERREZ, AKA Arturo Ramirez, *Petitioner*, v. ERIC H. HOLDER, JR., Attorney General, *Respondent*. | No. 11-71788 Agency No. A095-733-635 OPINION |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
August 8, 2013—Pasadena, California

Filed September 13, 2013

Before: Richard C. Tallman, Richard R. Clifton,
and Consuelo M. Callahan, Circuit Judges.

Per Curiam Opinion

## SUMMARY[*]

### Immigration

The panel held that the Department of Homeland Security may seek to terminate a prior grant of withholding of removal in conjunction with removal proceedings, so long as it meets its burden of demonstrating the grounds for doing so, and that two separate proceedings are not required pursuant to 8 C.F.R. § 1208.24(f).

The panel held that Department of Homeland Security may file a Notice to Appear when an alien is subject to an extant withholding of removal; there need not be a separate hearing on the termination of the withholding; the government has the burden of demonstrating by the preponderance of the evidence the grounds for the termination of withholding; the government met its burden by submitting official state records of Gutierrez's state convictions; and Gutierrez has not shown a denial of procedural due process because her proceedings were not fundamentally unfair and further proceedings would not have changed the outcome.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Elizabeth A. Lopez, San Diego, California, for Petitioner.

Stuart F. Delery, Acting Assistant Attorney General, Edward J. Duffy, Katherine A. Smith, and Dana Camilleri (argued), Department of Justice, Washington, D.C., for Respondent.

## OPINION

PER CURIAM:

Armando "Lupita" Gutierrez appeals from the denial of her request for withholding of removal under the Convention Against Torture ("CAT"). In a separate memorandum disposition filed concurrently with this opinion, we conclude that substantial evidence supports the Board of Immigration Appeal's determination that she is not likely to be tortured if she is returned to Mexico. We issue this per curiam opinion to clarify that the Department of Homeland Security ("DHS") may seek to terminate a prior grant of withholding of removal in conjunction with removal proceedings as long as the DHS meets its burden of demonstrating the grounds for doing so. We hold that two separate proceedings are not required pursuant to 8 C.F.R. § 1208.24(f).

Ms. Gutierrez was born in Mexico in 1970 and entered the United States without permission in 1999. In July 2007, an Immigration Judge ("IJ") issued an order denying her asylum but granting her withholding of removal.

The DHS subsequently learned that Ms. Gutierrez had been convicted in August 2007 in a California court for

transporting and distributing cocaine, and sentenced to four years in prison. It also discovered that previously, in February 2007, Ms. Gutierrez had been convicted in state court of a similar offense. On November 16, 2007, the DHS issued a new Notice to Appear ("NTA") charging that Ms. Gutierrez was subject to removal as an alien present within the United States without being admitted or paroled, and as an alien convicted of a controlled substance offense.[1]

Ms. Gutierrez moved to terminate the proceedings, arguing that because she had been granted withholding of removal, she could not be removed until after the government had met its burden of terminating the extant grant of withholding of removal pursuant to 8 C.F.R. § 1208.24(f).[2]

---

[1] 8 U.S.C. § 1182(a) states that aliens who are convicted of "a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of Title 21)" "are ineligible to receive visas and ineligible to be admitted to the United States."

[2] 8 C.F.R. § 1208.24(f) states:

> Termination of asylum, or withholding of deportation or removal, by an immigration judge or the Board of Immigration Appeals. An immigration judge or the Board of Immigration Appeals may reopen a case pursuant to § 3.2 or § 3.23 of this chapter for the purpose of terminating a grant of asylum, or a withholding of deportation or removal. In such a reopened proceeding, the Service must establish, by a preponderance of evidence, one or more of the grounds set forth in paragraphs (a) or (b) of this section. In addition, an immigration judge may terminate a grant of asylum, or a withholding of deportation or removal, made under the jurisdiction of the Service at any time after the alien has been provided a notice of intent to

The IJ denied the motion, holding that the issuance of an NTA was a proper means of terminating a prior grant of withholding of removal.[3]  The IJ explained:

> 8 C.F.R. § 1208.24(f) . . . reiterates that any termination under this paragraph may occur in conjunction with exclusion, deportation, or removal proceedings and the Service must establish, by a preponderance of the evidence, that one or more of the grounds set forth in paragraphs A or B of the subsection prevail. One of the reasons to terminate the previous withholding is if the alien is no longer entitled to that because they have committed another act which would have been grounds to either deny that or that there are subsequent grounds for removability or inadmissibility.

Ms. Gutierrez proceeded to oppose the NTA, arguing that she was entitled to deferral of removal to Mexico under CAT. The IJ denied Ms. Gutierrez withholding of removal and she appealed to the Board of Immigration Appeals ("BIA").  The BIA dismissed the appeal, finding that Ms. Gutierrez had not demonstrated a likelihood of torture and that the IJ properly

---

> terminate by the Service.  Any termination under this paragraph may occur in conjunction with an exclusion, deportation, or removal proceeding.

[3] Neither party has questioned the authority of the IJ and the BIA to reopen removal proceedings and determine whether the grant of withholding should be terminated.  Thus, it does not appear that our opinion in *Nijjar v. Holder*, 689 F.3d 1077 (9th Cir. 2012) preempts 8 C.F.R. § 1208.24(f) as it relates to this case. *See also Matter of A-S-J-*, 25 I. & N. Dec. 893 (BIA 2012).

denied her motion to terminate.  Ms. Gutierrez filed a timely petition for review.

Ms. Gutierrez's motion to terminate alleged that the government could not file a new NTA without first terminating the existing grant of withholding of removal.  She argues, quoting from *Ntangsi v. Gonzales*, 475 F.3d 1007, 1012 (8th Cir. 2007), that when the government seeks to reopen the proceedings of an alien who has been granted legal status in this country, "it carries the burden of proving – by a preponderance of the evidence – one of several grounds for terminating asylum."  She argues that although the issue has not been determined by the Ninth Circuit, we should agree with the Eighth Circuit and hold that "the failure to place this burden upon the government is reversible legal error."  *Id*.

Ms. Gutierrez's request for relief fails on several counts.  First, 8 C.F.R. § 1208.24(f) clearly contemplates that termination of withholding proceedings may be brought while a grant of withholding is outstanding.  Subsection (f) concludes with the sentence: "Any termination under this paragraph may occur *in conjunction with* an exclusion, deportation, or removal proceeding."  (Emphasis added.)  Accordingly, we agree with the BIA that the DHS properly initiated the NTA.

Second, the government has met its burden of demonstrating the grounds for the termination of withholding.  Like the Eighth Circuit in *Ntangsi*, 475 F.3d at 1012, we read 8 C.F.R. § 1208.24(f) as requiring the government to show by a preponderance of the evidence the presence of one of several grounds for terminating the withholding of removal.  Here, the government met its burden by submitting official state court records of the criminal complaints filed against

Ms. Gutierrez and of her convictions. Indeed, Ms. Gutierrez has never denied that she was twice charged and convicted in California of transporting and distributing cocaine.

Ms. Gutierrez's convictions rendered her ineligible for any visa under 8 U.S.C. § 1182(a)(2)(A)(i)(II). In addition, they constituted grounds for the termination of withholding pursuant to 8 C.F.R. § 1208.24(b). She failed to mention her first conviction in her application for withholding, and § 1208.24(b)(2) provides for termination where "[t]here is a showing of fraud in the alien's application such that the alien was not eligible for withholding of removal at the time it was granted." Furthermore, Ms. Gutierrez's second conviction supports termination of withholding pursuant to 8 C.F.R. § 1208.24(b)(3) (providing for termination for an alien who "has committed any other act that would have been grounds for denial of withholding of removal under section 241(b)(3)(B) of the Act had it occurred prior to the grant of withholding of removal."); *see also Miguel-Miguel v. Gonzales*, 500 F.3d 941, 949 (9th Cir. 2007) (accepting the Attorney General's strong presumption that all drug trafficking offenses are particularly serious crimes).

Finally, Ms. Gutierrez's assertion that DHS should follow a two-step process of first holding a separate hearing on termination before considering her request for relief under the CAT is not well taken. Such a proceeding is not required by the regulations and would not have led to a different result. In *Zetino v. Holder*, 622 F.3d 1007 (9th Cir. 2010) (en banc), we reiterated that for the court to grant relief on a claim of a denial of due process by the BIA, the petitioner must show "(1) the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case, and (2) the alien demonstrates prejudice, which means that the

outcome of the proceeding may have been affected by the alleged violation." *Id.* at 1013 (quoting *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620–21 (9th Cir. 2006)). Ms. Gutierrez's proceedings were not fundamentally unfair. Moreover, she has not proffered any evidence that might have justified the IJ not terminating her withholding of removal.

We conclude that: (1) DHS may file a Notice to Appear when an alien is subject to an extant withholding of removal; (2) there need not be a separate hearing on the termination of the withholding; (3) the government has the burden of demonstrating by the preponderance of the evidence the grounds for the termination of withholding; (4) the government met its burden by submitting official state records of Ms. Gutierrez's state convictions; and (5) Ms. Gutierrez has not shown a denial of procedural due process because her proceedings were not fundamentally unfair and further proceedings would not have changed the outcome. The petition for review is **DENIED.**