**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MOHAMMAD ARSHAD HUSSAIN, | No. 11-73992 |
| Petitioner, | Agency No. A077-821-132 |
| v. | |
| ERIC H. HOLDER, JR., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 10, 2014**
Seattle, Washington

Before:    TASHIMA and MURGUIA, Circuit Judges, and CARNEY, District
Judge.***

Mohammad Arshad Hussain petitions for review of the Board of

Immigration Appeals' ("BIA") decision dismissing his appeal of an immigration

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*        The panel unanimously finds this case suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

\*\*\*        The Honorable Cormac J. Carney, United States District Judge for the
Central District of California, sitting by designation.

judge's ("IJ") decision providing a period of voluntary departure and written voluntary departure advisals on remand from Hussain's prior appeal to the BIA. Hussain contends that he was deprived of due process of law when the IJ did not advise him on remand of his right to counsel or his right to submit additional evidence, and when the BIA did not issue a briefing schedule for his second appeal. We dismiss in part and deny in part Hussain's petition for review.

1.     Hussain did not "'put the BIA on notice'" of his due process claim based on the IJ's failure to advise him of his right to counsel on remand. *Ren v. Holder*, 648 F.3d 1079, 1083 (9th Cir. 2011) (quoting *Moreno-Morante v. Gonzales*, 490 F.3d 1172, 1173 n.1 (9th Cir. 2007)). Hussain, therefore, did not exhaust this claim, and "we lack subject-matter jurisdiction to address it." *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

2.     Hussain's remaining due process claims show neither that Hussain was "'prevented from reasonably presenting his case,'" nor "'that the outcome of the proceeding may have been affected by the alleged violation[s].'" *Gutierrez v. Holder*, 730 F.3d 900, 903 (9th Cir. 2013) (per curiam) (quoting *Zetino v. Holder*, 622 F.3d 1007, 1013 (9th Cir. 2010)). Accordingly, Hussain cannot prevail on these claims. *Id.*

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**