FILED

NOT FOR PUBLICATION

OCT 22 2015

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GUN HO CHUNG, | No. 12-71330 |
| Petitioner, | Agency No. A095-696-578 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 20, 2015[**]
Pasadena, California

Before: IKUTA and OWENS, Circuit Judges and SESSIONS,[***] District Judge.

Gun Ho Chung, a native and citizen of South Korea, petitions for review of

the Board of Immigration Appeals's (BIA) discretionary denial of his application

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable William K. Sessions III, District Judge for the U.S. District Court for the District of Vermont, sitting by designation.

for adjustment of status.  We lack jurisdiction to review discretionary denials of adjustment of status except to the extent that the petitioner raises constitutional claims or questions of law.  8 U.S.C. §§ 1252(a)(2)(B), (a)(2)(D).

The admission of Agent Ballard's testimony did not deprive Chung of his due process right to a fundamentally fair hearing.  *See Zetino v. Holder*, 622 F.3d 1007, 1013 (9th Cir. 2010).  Agent Ballard arrested Chung and questioned him about the package delivery scheme, so Chung knew the general content of Agent Ballard's testimony.  Agent Ballard's testimony concerned Chung's past conduct, so it was probative and relevant to the determination whether Chung merited a favorable exercise of discretion.  Chung's counsel learned in July 2008 that the government planned to call Agent Ballard as a witness, and Agent Ballard did not testify until September 2009, so Chung had ample time to prepare to cross-examine Agent Ballard.  Given that Chung was represented by counsel, was able to present his version of the events, and was able to cross-examine Agent Ballard, the admission of Agent Ballard's testimony was fundamentally fair.  *See Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 926–27 (9th Cir. 2007); *Hammad v. Holder*, 603 F.3d 536, 545–46 (9th Cir. 2010); *cf. Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 823–24 (9th Cir. 2003).  Because the Federal Rules of Evidence do not apply to Chung's immigration proceeding, *see Cinapian v. Holder*, 567 F.3d 1067,

1074 (9th Cir. 2009), Chung's reliance on *United States v. Vega*, 188 F.3d 1150 (9th Cir. 1999), is misplaced.

Chung's reliance on Rules 3.3(g) and 4.15 of the Immigration Court Practice Manual is also misplaced, because these rules are not binding where the Immigration Judge (IJ) "directs otherwise," *see* Rule 1.1. Here, the IJ gave such direction by denying Chung's request that the Department of Homeland Security (DHS) disclose the content of Agent Ballard's testimony in more detail and continuing the hearing to give Chung's counsel sufficient time to prepare for Agent Ballard's testimony. In any event, any procedural error was harmless. Chung admitted most of the facts on which the IJ and BIA relied, and he has failed to explain how DHS's failure to give him a written summary of Agent Ballard's testimony (which included Agent Ballard's statement that Chung said he "would rather die" than tell Agent Ballard to whom he was delivering the packages) affected the outcome of the proceedings. *See Gutierrez v. Holder*, 730 F.3d 900, 903 (9th Cir. 2013).

We lack jurisdiction to review Chung's argument that the BIA's factual findings were not supported by substantial evidence because 8 U.S.C. § 1252(a) strips us of jurisdiction to review factual determinations underlying adjustment-of-status decisions. *Carrillo de Palacios v. Holder*, 708 F.3d 1066,

1071 (9th Cir. 2013); *Morales-Izquierdo v. Dep't of Homeland Sec.*, 600 F.3d 1076, 1084 (9th Cir. 2010). We also lack jurisdiction to review Chung's argument that the BIA abused its discretion when it denied his application for adjustment of status. 8 U.S.C. § 1252(a); *Hosseini v. Gonzales*, 471 F.3d 953, 956 (9th Cir. 2006); *Bazua-Cota v. Gonzales*, 466 F.3d 747, 749 (9th Cir. 2006).

**PETITION DISMISSED IN PART AND DENIED IN PART.**